# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SWANEGAN,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　　　　　Respondent. | Civil No.   11cv0189-JLS (PCL)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a person in federal custody proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction from the San Diego County Superior Court.  The Petition is subject to dismissal because Petitioner has failed to satisfy the filing fee requirement, failed to use a court-approved form, failed to name a proper Respondent, and failed to state grounds for relief in the Petition.  The Court will provide Petitioner with an opportunity to amend the Petition to attempt to cure these deficiencies.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this case, he must submit, **no later than April 1, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

### FAILURE TO USE COURT-APPROVED FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted his application for a writ of habeas corpus on a court-approved form. A court-approved First Amended Petition form will be provided to Petitioner along with a copy of this Order.

### FAILURE TO NAME A PROPER RESPONDENT

Petitioner has named the "State of California"as Respondent. (Pet. at 1.) A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.

Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgement was entered." Rule 2 (b), 28 U.S.C. foll. § 2254. Petitioner states that he is currently in federal custody and is challenging a state court conviction for which he may be subject to future custody. (See Pet. at 1-2.) Therefore, it appears that the proper Respondents to this action are the Attorney General of California and the Warden of the federal institution where Petitioner is currently confined.

### FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting

each ground." Rule 2(c), 28 U.S.C. foll. § 2254.  Here, Petitioner has violated Rule 2(c) because, rather than articulate his claims, he simply states that "this petition is based on the attached documents, which is [sic] incorporated herein by reference." (Pet. at 2-3.)

This Court would have to engage in a tenuous analysis in order to attempt to identify the claims in the Petition.  In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error."  Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief.  Cf. Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).

Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the lack of grounds for relief in the Petition prevents a respondent from being able to assert appropriate objections and defenses.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice due to Petitioner's failure to satisfy the filing fee requirement, failure to use a court-approved form, failure to name a proper respondent and failure to state grounds for relief in the Petition. Petitioner may file a First Amended Petition **no later than April 1, 2011,** in conformance with this Order.  The Clerk of Court shall send Petitioner a blank amended petition form and a blank in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: February 28, 2011

_____
Honorable Janis L. Sammartino
United States District Judge