IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY D. SWANEGAN,** | Case No. 11cv0189 JLS (PCL) |
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| **STATE OF CALIFORNIA,** | |
| Respondents. | **(Doc. 7)** |

Petitioner Anthony D. Swanegan, a state prisoner proceeding pro se, has requested appointment of counsel to pursue his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The request for appointment of counsel is denied.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Bashor v. Risley,

1  730 F.2d 1228, 1234 (9th Cir. 1984).  Unless an evidentiary hearing is required, such a
2  determination is within the discretion of the district court.  <u>Knaubert v. Goldsmith</u>, 791 F.2d 722,
3  728 (9th Cir. 1986) <u>cert. denied</u>, 479 U.S. 867 (1986).

4  The purpose of § 3006A is to provide for appointed counsel whenever required by the
5  Constitution.  <u>Id.</u>  Thus, indigent state prisoners applying for habeas corpus relief are not entitled
6  to appointed counsel unless the circumstances of a particular case indicate that appointed counsel
7  is necessary to prevent Due Process violations.  <u>Chaney v. Lewis</u>,  801 F.2d 1191, 1196 (9th Cir.
8  1986), <u>cert. denied</u>, 481 U.S. 1023 (1987).  Due Process may require counsel to be appointed where
9  the factual and legal issues involved are too complex for the petitioner <u>Knaubert</u>, 791 F.2d at 728-29,
10 or if the petitioner is of such limited education as to be incapable of presenting his claims.  <u>See</u>
11 <u>Wiley v. Ingle</u>, 1998 WL 470482 (N.D. Cal. 1998) (unrep.) (citing <u>Hawkins v. Bennett</u>, 423 F2d 948
12 (8th Cir. 1970).  Where a petitioner's pleadings illustrate the petitioner is able to understand the
13 issues and present coherent claims to the court, appointment of counsel is not necessary to prevent
14 Due Process violations.  <u>Hood v. Galaza</u>, 47 F.Supp. 2d 1144, 1149 (S.D. Cal. 1999); and <u>see</u>
15 <u>LaMere v. Risley</u>, 827 F.2d 622, 627 (9th Cir. 1987).

16 This Court has weighed these Due Process factors as well as Swanegan's contentions he is
17 entitled to appointed counsel because he will soon be transferred from federal to state custody where
18 he anticipates losing access to any prison library while housed in the state prison's reception yard,
19 that his anticipated transfer to state custody will likely cause him to miss filing deadlines, and that,
20 because he is a layperson, he is unable to prosecute his Petition without the aid of a "jailhouse
21 lawyer," who has been assisting him thus far.  (Doc. 7, at 1-2.)

22 Swanegan is not entitled to an evidentiary hearing, <u>see</u> <u>Cullen v. Pinholster</u>, ___U.S.___,___;
23 131 S.Ct. 1388 (2011), therefore he will only be entitled to appointed counsel to prevent Due
24 Process violations.  Swanegan's pleadings demonstrate that he is capable of clearly articulating his
25 claims to the court, and that he has a good grasp of the factual and legal bases for his claims.  In his
26 Petition, Swanegan cites the legal elements of his claim as well as supporting facts.  (Doc. 4, at 6.)
27 He filed a concurrent memorandum of points and authorities, which is organized and cites relevant
28 legal authority.  (Doc.4-1.)  Moreover, Swanegan's anticipated difficulties are speculative.  This

Court cannot discern that the factual or legal issues are too complex for Swanegan nor that he is of such limited education as to be incapable of presenting his claims.

Accordingly, Petitioner's Motion to Appoint Counsel is **DENIED**.

<u>DATE: August 23, 2011</u>

U.S. Magistrate Judge
United States District Court

cc:   The Honorable Janis L. Sammartino
      All Parties and Counsel of Record