UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY D. SWANEGAN, | CASE NO. 11cv0189 JLS (PCL) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| STATE OF CALIFORNIA, | |
| Respondents. | |

**I.   INTRODUCTION**

Petitioner Anthony D. Swanegan, a prisoner proceeding *pro se* has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his sentence imposed by the San Diego County Superior Court in case number SCD223045.  Swanegan was sentenced after he pleaded guilty to one count of possession of a firearm by a felon (Cal. Penal Code §12021(a)(1)) and one count of sale of cocaine base (Cal. Health and Safety Code § 11352(a)) with enhancements of one strike prior and one prison prior (Cal. Penal Code §§ 667.5(b) and 667(b)-(I)).  Swanegan is in federal custody serving his sentence concurrent with a federal sentence for a prior conviction.

This case is before the undersigned Magistrate Judge pursuant to S.D. Cal. Civ.R. 72.1(d)(4) for Proposed Findings of Fact and Recommendation for Disposition.  For the reasons set forth below,

the Court respectfully recommends that the Petition be **DENIED.**

## II.  FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Summer v. Mata, 449 U.S. 539, 550 (1981) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The California Court of Appeal based its denial of Swanegan's state habeas petition on the following: "Swanegan pleaded guilty to one count of possession of a firearm by a felon . . . and one count of sale of cocaine base . . . . He admitted one prison prior . . . and one strike prior . . . . The parties stipulated to a prison term of eight years, four months." (Lodgment 7, at 1.) That court found, in spite of the limited documentation presented by Swanegan concerning his plea agreement, that he had at least one prior strike when he entered his plea. (Id.)

## III.  PROCEDURAL BACKGROUND

On September 25, 2000, Swanegan was sentenced by the District Court of Arizona to 114 months in prison followed by 5 years of supervised release after pleading guilty to armed bank robbery (18 U.S.C. §§ 924(c)(1)(A)(ii) and 2113(a)). (Lodgment 11, at 3-5.) In October of 2009, the San Diego County District Attorney charged Swanegan in an eight count complaint with four firearms charges and four drug charges. (Lodgment 1, at 6.) On November 17, 2009, Swanegan pleaded guilty to one count of being a felon in possession of a firearm, one count of sale of cocaine base, and admitted one prior strike and one prison prior. (Id. at 12.)[1] The parties stipulated to a prison term of eight years, four months. (Id.)

On January 22, 2010, the court sentenced Swanegan to eight years and four months as follows: one year and four months for possession of a firearm by a felon, six years for sale of narcotics, and one year for his prior strike. (Id. at 17.) Swanegan then filed a motion to Modify Sentence in the San Diego Superior Court arguing that the sentencing judge had improperly applied his prior convictions

---

[1] Though the charging document and the plea agreement, (lodgment 1, at 4 and 12) both indicate that Petitioner's prior strike was for a federal bank robbery conviction on March 24, 2003 in San Bernardino, the record indicates that Petitioner's prior strike was a federal bank robbery conviction on September 25, 2000 in Arizona. (Lodgment 11, at 18).

to enhance his sentence. (Lodgment 2.) The Superior Court denied his Motion on April 8, 2010 on the grounds that he had stipulated to his sentence and that he lacked standing to seek sentence modification. (Lodgments 2 and 3.) Next, Swanegan filed a Motion to Reconsider, which the Superior Court also denied. (Lodgments 4 and 5.)

Swanegan then filed a habeas corpus petition in the California Court of Appeal on September 20, 2010, raising ineffective assistance of counsel in the plea agreement process. (Lodgment 6.) The Court of Appeal denied the petition because Swanegan could not demonstrate prejudice. (Lodgment 7, at 2 (citing Strickland v. Washington, 466 U.S. 668, 687-89 (1984)).) The Supreme Court of California granted Swanegan permission to file an untimely petition for review, but then denied review on March 14, 2011. (Lodgments 8, 9, and 10.) Swanegan filed a habeas Petition in the District Court on January 28, 2011, (doc. 1) and a First Amended Petition on March 14, 2011, (doc.7.)

**IV.   DISCUSSION**

A.   *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). As amended by the AEDPA, 28 U.S.C. section 2254(d) precludes a federal court from granting an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Woodford v. Visciotti, 537 U.S. 19, 24–26 (2002); Early v. Packer, 537 U.S. 3, 8 (2002); Williams v. Taylor, 529 U.S. 362, 405–09 (2000).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but

unreasonably applied those decisions to the facts of a particular case. Id. An unreasonable application of federal law is different from an incorrect application of federal law. Harrington v. Richter, ___ U.S. ___,___, 131, S.Ct. 770, 786 (2011). A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. Id. (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Thus, AEDPA sets an intentionally high bar, which must be overcome before the court may grant a writ and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. Id. AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings, preserving a federal court's authority to issue the writ only where "there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87. Habeas Corpus is not a substitute for ordinary error correction through appeal, but rather, is a guard against extreme malfunctions in the state criminal justice systems." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). This Court is compelled to base its Report and Recommendation on the State Court evidentiary record. See Cullen v. Pinholster, ___ U.S. ___,___, 131 S. Ct. 1388, 1398 (2011).

B.   *Analysis*

Swanegan contends that he received ineffective assistance of counsel during the plea negotiation process. (Doc. 4, at 6 and 4-1, at 1-2.) The crux of Swanegan's argument is that he received an illegally enhanced sentence because his appointed counsel used the threat of two prior strikes to deliberately create fear of exposure to a sentence of 25 years to life under the three strikes law if he opted to go to trial. (Doc. 4-1, at 2.) Swanegan alleges that his plea of guilty was not made knowingly, intelligently, and voluntarily but rather was coerced by his appointed counsel due to her motivation to avoid the extra work of going to trial. (Id.) Swanegan states that he did not have two strikes, that he admitted to a non-existent strike, and that but for this misinformation, he would not have pleaded guilty or would not have accepted the plea agreement as structured. (Doc. 4, at 6.)

Swanegan alleges that if his counsel had diligently researched the number of strikes against him, it would have resulted in "greatly diminished sentencing factors, and thus a substantially reduced

sentence." (Id.) Swanegan alleges that by failing to learn the true number of strikes against him, his counsel was relieved of the duty to investigate further defenses. (Id.) This Court, therefore, construes the claim as one for ineffective assistance of counsel for failure to investigate.

Under § 2254(d), a petitioner must establish that the state court's application of governing federal law was unreasonable. The governing federal law in ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court, in Strickland, held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 688.

Moreover, when a petition for Habeas Corpus is filed in district court, which claims ineffective assistance of counsel, the pivotal question is whether the state court's application of Strickland is reasonable, not whether counsel's performance fell below Strickland's standard. Richter, 131 S.Ct. at 787. Review of counsel's representation under Strickland and § 2254(d) are both highly deferential, and applied in tandem, are "doubly so." Richter, 131 S.Ct. at 788 (internal quotes/citations omitted). Thus, the question is whether there is *any* reasonable argument that counsel satisfied Strickland's deferential standard. Id. (emphasis added).

The standards set forth in Strickland apply equally to petitioners challenging the plea process. Hill v. Lockhart, 471 U.S. 52, 56-58 (1985). In order to demonstrate deficient performance by counsel, petitioners must establish that counsel's representation amounted to incompetence under prevailing professional norms, representation that deviated from best practices or most common custom does not warrant a finding of ineffective assistance of counsel. Richter, 131 S.Ct. at 787 (citing Strickland, 466 U.S. at 690). To establish prejudice a claimant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of plea negotiations, to satisfy the "prejudice" requirement, a petitioner challenging the adequacy of counsel's performance must show that there is a reasonable

1  probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted
2  on going to trial. Lockhart, 474 U.S. at 58-59.

3        The California Court of Appeal, in denying Swanegan's habeas petition applied Strickland and
4  found that Swanegan could not demonstrate "prejudice under a test of reasonable probability of a
5  different outcome." (Lodgment 7, at 2.) See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991)
6  (Where there is no reasoned decision from the state's highest court, the reviewing court "looks
7  through" to the underlying appellate court decision.) Thus, the state court applied the correct legal
8  principle and, in order to prevail, Swanegan must show that court's application of Strickland was
9  unreasonable. To do so, he must demonstrate there is no reasonable argument that he was not
10 prejudiced by his counsel's recommendation to accept the plea agreement. Richter, 131 S.Ct. at 785.

11       Where a petitioner alleges failure to investigate, the determination whether the error prejudiced
12 the defendant by causing him to plead guilty will depend on the likelihood that discovery of the
13 evidence would have led counsel to change the recommendation as to the plea. Lockhart, 474 U.S.
14 at 58-59. Id. The relevant inquiry is whether the discovery of additional evidence - here, that
15 Swanegan's prior convictions occurred in a different time and place than alleged - would have led
16 counsel to change the recommendation as to the plea. Lockhart, 474 U.S. at 59. This determination
17 hinges on whether the evidence that petitioner alleges his counsel should have discovered would likely
18 have changed the outcome of a trial. Id. at 59-60.

19       The state court based its determination that Swanegan could not demonstrate prejudice on the
20 facts that Swanegan both admitted in his plea, and did not dispute, that he had a prior strike and he
21 faced the possibility of conviction on six additional counts. (Lodgment 7, at 2.) Swanegan attempts
22 to state otherwise, but in reality, he did have at least one prior conviction, which qualified as a strike,
23 at the time he entered his plea agreement and has consistently admitted, both during plea negotiations
24 and in his pleadings, to having this prior strike. (Lodgment 2, at 2; Lodgment 6, at 8, Lodgment 1,
25 at 14.) The state court did not cite Lockhart, but so long as it's decision is not contrary to, or an
26 unreasonable application of, Lockhart's holdings, this court cannot disturb the conviction. See Early
27 v. Packer, 537 U.S., at 9.
28       After reviewing the record, this Court finds that the California Court of Appeal did not apply

federal law unreasonably. It is true that the information charging Swanegan lists prior convictions for violation of 18 U.S.C. § 2113 (A) & (D) and 18 U.S.C. § 924(C)(1) in San Bernardino, California. (Lodgment 1, at 4.) It is also true that the record shows Swanegan was convicted for violations of 18 U.S.C. § 2113 (A) & (D) and 18 U.S.C. § 924(C)(1) in Arizona in 2000. (Lodgment 11, at 3.) Thus, even though it misstates the time and place of conviction, the charging document lists the prior offenses correctly. (Lodgment 1, at 2.) In addition, Respondent points out that if Swanegan had opted to go to trial, the information would likely have been amended to reflect the proper date and jurisdiction of Swanegan's prior strikes. (Doc. 13-1, at 8-9.)

Swanegan contends that his sentence was illegally doubled by the use of two strikes. (Doc. 4-1, at 2.) In his plea agreement however, Swanegan initialed the box next to the following statement: "I have not been induced to enter this plea by any promise or representation of any kind, except . . . stip. 8 years 4 mo; [sic]." (Lodgment 1, at 12.) Thus, Swanegan stipulated to his sentence, which was significantly shorter than the potential exposure he would have faced at trial, given that he was charged with eight counts and six were dismissed pursuant to his plea agreement. (Id.) Moreover, the abstract of judgment shows that his sentence was not doubled, but rather, was enhanced by one year for the prior strike. (Lodgment 1, at 17.)

Swanegan has not presented any evidence, and this Court finds it unlikely, that he would have received a lesser sentence at trial. Thus, it is unlikely his counsel would have recommended he not take the plea agreement and go to trial on six additional counts. In addition, this Court finds that it is unlikely that any defendant would have opted to go to trial and face the possibility of conviction on six additional counts. Thus, the record does not show that Swanegan was prejudiced by his counsel's recommendation to accept the plea agreement.

For the foregoing reasons, Swanegan has not demonstrated that there is no reasonable argument that the state court reasonably applied federal law when it denied his petition. Therefore, this Court may not grant the writ.

C.   *Proper Respondent*

Respondent urges that Attorney General Kamela Harris should be dismissed as a party because she has no current custody over Petitioner Swanegan. (Doc. 13, at 2.) In habeas challenges to present

1 physical confinement, "the proper respondent is the warden of the facility where the prisoner is being
2 held, not the Attorney General or some other remote supervisory official."  Rumsfeld v. Padilla, 542
3 U.S. 426, 435 (2004).  Accordingly, this Court recommends that, should the District Court decline to
4 adopt this Report and Recommendation, Attorney General Kamela Harris be dismissed as a party.

**IV.   CONCLUSION AND RECOMMENDATION**

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED** that no later than **September 14, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 5, 2011**.  The parties are advised that failure to file objections within specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel is **DENIED.**

**IT IS SO ORDERED.**

DATED:   August 24, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court