# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. SWANEGAN,<br><br>    vs.           Plaintiff,<br><br>STATE OF CALIFORNIA,<br><br>              Defendant. | CASE NO. 11CV189 JLS (PCL)<br><br>**ORDER GRANTING MOTION TO COMPEL FREE TRANSCRIPT OF *MARSDEN* HEARING**<br><br>(ECF No. 18) |

Presently before the Court is Habeas Petitioner Anthony D. Swanegan's ("Petitioner") motion for an order compelling the respondents to provide Petitioner with a "free transcript of a full verbatim record of the Marsden motion hearing." (Pl.'s Mot. 2, ECF No. 18) The motion was filed nunc pro tunc September 16, 2011. On October 6, 2011, the Court issued a briefing schedule setting November 3, 2011 as the date of filing for a response, and noting that the hearing date on the motion was set for December 8, 2011. (Order, Oct. 6, 2011, ECF No. 19) Respondent failed to file a response by the November 3, 2011 deadline.[1] The hearing set for the motion on December 8, 2011, was vacated, and the matter taken under submission on the papers.

//

---

[1] Pursuant to Civil Local Rule 7.1.f.3.c, "If an opposing party fails to file the papers [in a timely manner], that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

The Supreme Court has established that a "State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). Pursuant to this rule, "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Id.* To determine the defendant's need, courts should consider "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Id.*

Here, Petitioner's claim for habeas relief is premised on the alleged ineffective assistance of his trial counsel in negotiating the plea agreement, in that counsel failed to accurately tally the number of Petitioner's prior strikes. (Pet. 6, ECF No. 4)  The sought-after transcript is that from the *Marsden* motion hearing regarding Petitioner's request for appointment of different counsel on the same date that Petitioner entered into the plea agreement.  Thus, Petitioner easily establishes the first prong necessary to demonstrate need. *See Britt*, 404 U.S. at 228 & n.3.[2]  Moreover, Respondent does not offer any alternative devices available to Petitioner that serve the same function as a transcript.  Petitioner is not required to rely on his memory of the hearing or any notes he may have taken at the time. *See id.* at 229 & n.4.

It is unclear from the lodgments whether a transcript of the *Marsden* hearing is readily available. (NOL No. 1 at 15 ("Marsden hearing held. . . . Court reporter's notes of this proceeding are ordered sealed and not to be transcribed unless by further order of the Court."))  But because Respondent did not oppose this motion, it is unclear what suitable alternatives might be available in lieu of an official reporter's transcript.  The Court therefore **ORDERS** that a stenographic transcript of the *Marsden* hearing be prepared and provided to Petitioner at no cost.

//

---

[2] Additionally, the California Court of Appeal's denial of Petitioner's writ for habeas corpus specifically indicated that Petitioner "provided very limited documentation concerning the present plea agreement and his prior convictions," noting the absence of transcripts in particular. (Resp't's Notice of Lodgment ("NOL") No. 7, ECF No. 14 (California Court of Appeal order denying habeas petition))  Despite Petitioner's request for transcripts in his appeal to the California Supreme Court, (NOL No. 8, ECF No. 14 (Notice of Appeal to California Supreme Court)), the California Supreme Court denied the petition without opinion and without addressing Petitioner's request for hearing transcripts.

Within twenty-eight days of the electronic docketing of this Order, Respondent **SHALL FILE** a notice of compliance with this Court's Order directing Respondent to provide a free copy of the transcript of the *Marsden* hearing to Petitioner.  Petitioner shall have twenty-eight days from the date the notice of compliance is filed to file his objections to Magistrate Judge Lewis's Report and Recommendation.

**IT IS SO ORDERED**.

DATED:  December 5, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge