1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10 | ANTHONY D. SWANEGAN,

11 | Plaintiff,

12 | vs.

13 | STATE OF CALIFORNIA,

14 | Defendant.

15

CASE NO. 11CV189 JLS (PCL)

**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING CERTIFICATE OF APPEALABILITY**

(ECF Nos. 4, 16)

16    Presently before the Court is Petitioner Anthony D. Swanegan's ("Swanegan") petition for

17 | writ of habeas corpus.  (Pet., ECF No. 4)  Also before the Court is Magistrate Judge Peter C.

18 | Lewis's report and recommendation ("R&R") recommending the Court deny Swanegan's petition.

19 | (R&R, ECF No. 16)

20    Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's

21 | duties in connection with a magistrate judge's R&R.  The district court must "make a de novo

22 | determination of those portions of the report to which objection is made," and "may accept, reject,

23 | or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

24 | U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States

25 | v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  However, in the absence of timely objection, the

26 | Court "need only satisfy itself that there is no clear error on the face of the record in order to

27 | accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v.

28 | U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

1    Here, Magistrate Judge Lewis's R&R was filed on August 24, 2011, indicating that any

2   objections were due on or before September 14, 2011.  (R&R, ECF No. 16)  On September 13,

3   2011,[1] Swanegan filed a motion for extension of time to file objections to the R&R and motion for

4   an order compelling the respondents to provide him with a "free transcript of a full verbatim

5   record of the Marsden motion hearing."  (Pl.'s Mot. 2, ECF No. 18)  After consideration, the Court

6   granted Swanegan's motion.  (Order, Dec. 5, 2011, ECF No. 21)  Respondents were directed to

7   provide a free transcript of the hearing, and Swanegan was advised to file his objections within

8   twenty-eight days of receipt of the transcript.  (*Id.* at 3)

9    On December 30, 2011, Respondents lodged the state-court transcripts, and sent a copy to

10  Swanegan.  (ECF No. 24)  Swanegan's objections were therefore due by January 27, 2012.  But, as

11  of the date of this Order, no parties have filed objections to Magistrate Judge Lewis's R&R.

12  Having reviewed it, the Court finds that it is thorough, well reasoned, and contains no clear error.

13  Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Lewis's R&R; and (2) **DENIES**

14  Swanegan's petition.

15   The Court is obliged to determine whether a certificate of appealability should issue in this

16  matter.  A certificate of appealability is authorized "if the applicant has made a substantial

17  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a petitioner's

18  claims have been denied on their merits, as here, a petitioner can meet the threshold "substantial

19  showing of the denial of a constitutional right," *id.*, by demonstrating that: (1) the issues are

20  debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or

21  (3) that the questions are adequate to deserve encouragement to proceed further.  *Lambright v.*

22  *Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000);

23  *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

24   Here, no reasonable jurist would disagree with Magistrate Judge Lewis's

25  resolution—which the Court adopts—of Swanegan's constitutional claims and denial of the writ.

26  Evidence in the record supports the state court's actions; the record does not show that Swanegan

27

28    [1] For purposes of this Order, the Court deems Swanegan's papers filed as of the date they were
signed.  *See Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999) (prison mailbox rule).

1   was prejudiced by his counsel's recommendation to accept the plea agreement.  Accordingly, the

2   Court **DENIES** a certificate of appealability.

3                                    **CONCLUSION**

4          For the reasons stated, the Court **ADOPTS** the R&R in full.  Swanegan's petition for writ

5   of habeas corpus is **DENIED**.  A certificate of appealability is **DENIED**.  This Order completes

6   the litigation in this matter.  The clerk shall close the file.

7          **IT IS SO ORDERED**.

8

9   DATED:  March 26, 2012

10                                    _Janis L. Sammartino_
                                      _____
                                      Honorable Janis L. Sammartino
11                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28